UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT GUILLORY, individually and on behalf of all others similarly situated,**<br><br>vs.<br><br>**MACRO COMPANIES, INC. OF DELAWARE d/b/a MACRO OIL COMPANY INC.** | Civ. A. No.<br><br>**Jury Trial Demanded**<br><br>Class/Collective Action<br><br>Pursuant to 29 U.S.C. § 216(b)/ Fed. R. Civ. P. 23 |

## ORIGINAL COMPLAINT

### SUMMARY

1. Robert Guillory (Guillory) brings this lawsuit to recover unpaid overtime wages and other damages from Macro Companies, Inc. of Delaware d/b/a Macro Oil Company, Inc. (Macro) under the provisions of section 216(b) of the Fair Labor Standards Act (FLSA), as amended 29 U.S.C. §§ 201, *et seq.* and the Puerto Rico Wage Payment Statute (PRWPS), 29 L.P.R.A. §§ 171, *et seq.*, §§ 250, *et seq.*, and §§ 271, *et seq.* and the Virgin Islands Fair Wage and Hours Act (the "VIFWHA"), 24 V.I.C. § 1 *et seq.*

2. Guillory and those similarly situated regularly worked for Macro in excess of 40 hours each week. As shown below, Macro failed to properly compensate Guillory and all other similarly situated workers.

3. Instead, during the relevant time period Macro paid Guillory, and other workers like him a daily rate regardless of the number of hours worked, including those hours over 40 in a workweek.

1

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

6. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any sub-class pursuant to 28 U.S.C. § 1367.

7. Macro is headquartered in this district and division.

## PARTIES

8. Guillory is a resident of Louisiana. His written consent is attached as Exhibit A.

9. Guillory worked as a Crew Leader for Macro from September 2017 until September 2018 in the U.S. Virgin Islands, Puerto Rico, and the United States.

10. Guillory provided diesel fuel for the generators to provide power to Puerto Rico and the U.S. Virgin Islands in the wake of Hurricane Irma and Maria.

11. Guillory was a non-salaried employee of Macro.

12. Guillory was paid a day rate regardless of the number of hours he worked.

13. Guillory was not paid overtime for hours worked over 40 in a workweek.

14. Guillory brings this action individually and on behalf of all other similarly situated workers who were paid a day-rate with no overtime by Macro. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "FLSA Class"):

**All employees of Macro Oil who were paid a day-rate.**

15. Guillory further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

16. Guillory also brings this action on behalf of themselves and on behalf of the Puerto

Rico Class:

> **All employees of Macro Oil who were paid a day-rate in Puerto Rico.**

17. Guillory also brings this action on behalf of himself and on behalf of the Virgin Island Class:

> **All employees of Macro Oil who were paid a day-rate in the Virgin Islands.**

18. The FLSA Class Members, Puerto Rico Class Members, and Virgin Island Class Members are collectively referred to as the "Putative Class Members."

19. Defendant Macro is a Delaware Limited Liability Company that can be served through its registered agent John E. McElligott, Jr. at 810 S. Buchanan St., Lafayette, Louisiana 70501.

## COVERAGE UNDER THE FLSA

20. At all times hereinafter mentioned, Macro has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Macro has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Macro has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as construction equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Guillory and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

24. At all times hereinafter mentioned, Macro has been an employer within the meaning of 29 L.P.R.A. § 250b and 24 V.I.C. § 1 et seq.

25. At all times hereinafter mentioned, Macro and the Putative Class Members were employees within the meaning of 29 L.P.R.A. § 250b and/or 24 V.I.C. § 1 et seq.

**FACTS**

26. Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments implemented programs to provide aid and repairs to Puerto Rico and the U.S. Virgin Islands.

27. Macro is a fuel distributor and transportation services company.

28. To implement this work, the Macro hired workers such as Guillory to perform skilled and manual labor to restore power lines in the Virgin Islands and Puerto Rico.

29. Macro paid Guillory and the Putative Class Members a day rate for all hours worked and regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

30. The Macro's pay practices violate the FLSA, Virgin Islands wage laws, and Puerto Rico wage laws.

31. Guillory and the Putative Class Members generally provided labor and construction services in connection with restoration of power in the Virgin Islands and Puerto Rico after the hurricanes.

32. Guillory and the Putative Class Members had no power to hire or fire other workers. All aspects of their work were controlled by Macro. Macro and its clients retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Guillory and the Putative Class Members, and it controlled all aspects of Guillory and the Putative Class Members' job activities.

33. Macro set Guillory and the Putative Class Members' rates of pay and work schedule.

34. The job functions of Guillory and the members of the Putative Class were primarily manual labor/technical in nature, requiring little to no official training or other advanced degree.

35. The members of the Putative Classes did not have any supervisory or management duties. Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to infrastructure support in the Virgin Islands and Puerto Rico's recovery efforts.

36. All of the members of the Putative Class performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

37. The members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime, Macro paid the members of the Putative Classes a flat day-rate.

38. Macro's policy of failing to properly pay its employees, including Guillory, violates the FLSA because these workers are employees performing non-exempt job duties.

## FLSA VIOLATIONS

39. As set forth herein, Macro has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

40. Macro knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Macro's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay

overtime made in good faith.

41.     Accordingly, Guillory and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

### PUERTO RICO VIOLATIONS

42.     Guillory brings this claim under Puerto Rico law as a Rule 23 class action.

43.     Puerto Rico law requires employers like Macro to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Macro was subject to Puerto Rico Law and Guillory and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

44.     Macro has violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

45.     Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages.  Macro made illegal deductions from the wages of Guillory and the Puerto Rico Class Members.  These deductions were not authorized and were done willfully.

46.     Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday.  Macro regularly and willfully failed to properly pay Guillory and the Puerto Rico Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

47.     Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge. Any employee who is terminated without just cause is entitled to mandatory severance

under Puerto Rico law.  "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b.  Macro willfully violated these statutes when Guillory or the Puerto Rico Class Members were terminated without just cause and not paid the required severance.

48. Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage.  On several occasions, Macro failed to pay members of the class for hours worked. These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work. Macro willfully violated these sections by failing to pay Guillory and the Puerto Rico Class Members for all hours worked.

49. Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week. All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime.  29 L.P.R.A. § 273(a), §274. Macro willfully violated these sections by failing to properly compensate Guillory and the Puerto Rico Class Members for all hours actually worked in excess of eight per day or forty per week.  Guillory and the Puerto Rico Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

50. Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work.  An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.*  Macro willfully violated this section by requiring or failing to allow Guillory and the Puerto Rico Class Members their regular meal periods.

51. Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee is entitled. *Id.* Macro employed the requisite number of workers, but willfully failed to pay a bonus to those Puerto Rico Class Members who qualified.

52. As a result of Macro's willful violations of the applicable Puerto Rico Labor Laws, Guillory and the Puerto Rico Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

53. Accordingly, Guillory and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

**VIRGIN ISLAND VIOLATIONS**

54. Virgin Islands law requires employers like Macro to pay overtime at a rate of time and one half their regular rate of pay for all hours worked (i) on a sixth consecutive day, (ii) over forty in one work week, and/or (iii) over eight hours in a day, in violation of Virgin Island Code Wage and Hour Laws and Regulations, 24 V.I.C. §20. ("V.I.C. Wage and Hour Claims").

55. Macro required Guillory and the Virgin Islands Class to work more than 5 consecutive days without additional compensation as required by 24 V.I.C. § 20(a).

56. Macro required Guillory and the Virgin Islands Class to work more than 8 hours in a workday without additional compensation as required by 24 V.l.C. § 20(a).

57. Macro required Guillory and the Virgin Islands Class to work more than 40 hours within a workweek without additional compensation as required by 24 V.I.C. § 20(a).

58. Macro failed to properly disclose or apprise Guillory and the Virgin Islands Class of their right a employees under the V.I.C.

59. Accordingly, Guillory and the Virgin Islands Class are entitled to overtime wages under Virgin Islands law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

60. Guillory incorporates all previous paragraphs and alleges that the illegal pay practices Macro imposed on Guillory were likewise imposed on the Putative Class Members.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA, Virgin Islands, and Puerto Rico law.

62. Numerous other individuals who worked with Guillory indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

63. Based on their experiences and tenure with Macro, Guillory is aware that Macro's illegal practices were imposed on the Putative Class Members.

64. Macro's failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

65. Guillory's experiences are therefore typical of the experiences of the Putative Class Members.

66. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

67. Guillory has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Guillory has an interest in obtaining the unpaid overtime wages owed under federal law.

68. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

69. Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and Macro will reap the unjust benefits of violating the FLSA and Puerto Rico law.

70. Furthermore, even if some of the members of the Putative Class could afford individual litigation against Macro, it would be unduly burdensome to the judicial system.

71. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

72. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether Macro employed the members of the Classes within the meaning of the FLSA, Virgin Islands, or Puerto Rico Law;

  b. Whether Macro's decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

  c. Whether Macro's decision to pay employees a day rate with no overtime was made in good faith;

  d. Whether Macro's violation of the FLSA was willful; and

  e. Whether Macro's illegal pay practices were applied uniformly to all members of the Classes.

73. Guillory's claims are typical of the claims of the Putative Class Members. Guillory and the Putative Class Members sustained damages arising out of Macro's illegal and uniform employment policy.

74. Guillory knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

75. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

76. Guillory demands a trial by jury.

## RELIEF SOUGHT

77. WHEREFORE, Guillory prays for judgment against Macro as follows:

    a. For an Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Macro liable for unpaid back wages due to Guillory and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order designating the Puerto Rico Class as a class pursuant to Fed. R. Civ. P. 23;

    d. For an Order designating the Virgin Islands as a class pursuant to Fed. R. Civ. P. 23;

e. For an Order appointing Guillory and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Kenneth W. DeJean*
Kenneth W. DeJean
Louisiana Bar Roll No. 4817
Adam R. Credeur
Louisiana Bar Roll No. 35095
**Law Offices of Kenneth W. DeJean**
417 W. University Avenue (70506)
P.O. Box 4325
Lafayette, La. 70502
337-235-5294 – Telephone
337-235-1095 – Facsimile
kwdejean@kwdejean.com
adam@kwdejean.com

**AND**

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
Richard M. Schreiber
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

        Richard J. (Rex) Burch
        Texas Bar No. 24001807
        **BRUCKNER BURCH, PLLC**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        Telephone:    (713) 877-8788
        Telecopier:    (713) 877-8065
        rburch@brucknerburch.com